■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MACDONNELL and MICHAEL AGNELLO, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Beerman, J.), both rendered November 26, 1985, convicting them of criminal mischief in the fourth degree and unauthorized use of a vehicle in the third degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed, and the matters are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On August 14, 1984, at about 10:30 A.M., New York City Sanitation Police Officer Pollin and his partner were in plain clothes in an unmarked van watching the entrance to the area of 146th Avenue and 156th Street in Queens for persons illegally dumping refuse. Pollin saw a late model gray Pontiac, later discovered to have been stolen from the Long Island

Railroad Station in Stony Brook, enter the area, followed immediately by a green van later determined to be registered to the codefendant Luciano Sorrentino. Approximately 2 to 4 minutes after these two vehicles passed them, the sanitation police officers entered the area and saw the vehicles parked about 10 feet apart. A heavyset white male was standing next to the green van, and two short, heavyset, stocky white males were leaning over the engine area of the Pontiac, the hood of which had been removed and was laying on the ground in front of the car.

As the sanitation officers approached the vehicles, the individual next to the van ran into the surrounding wooded area and was followed by the other two individuals who had been near the Pontiac. The sanitation police officers stopped their vehicle and gave chase, but the individuals eluded them in the woods. As they returned to their van to continue their pursuit, the officers saw a New York City Police Department Emergency Services vehicle which they flagged down. Meanwhile, Police Officer Cherry was patrolling the vicinity in an unmarked car when he received a radio run and responded to the area in question and saw the Emergency Services vehicle. Upon exiting from his car, Cherry saw three men run out of the woods at a point about 50 yards from where the two vehicles were parked. Officer Cherry then arrested the appellants and the codefendant Sorrentino. Although Sanitation Officer Pollin could not positively identify the three individuals, they generally fit the description Pollin had given. Pollin also testified that he did not see any other vehicles enter the area during the incident, nor did he see any other individuals in the area.

The appellants argue that their guilt was not proven beyond a reasonable doubt. However, the inference of their guilt flows naturally and logically from the facts proved, these facts are inconsistent with their innocence, and exclude to a moral certainty every reasonable hypothesis of innocence (see, People v Benzinger, 36 NY2d 29). The defendants were apprehended running out of the woods 50 yards from where three men were seen running from the two vehicles, one of which was registered to the codefendant Sorrentino and the other of which was stolen and partially dismantled, and the three men fit the general description of the perpetrators. The jury could have concluded, from these facts, that the appellants, acting in concert, drove the stolen car along the road and into the area, and then removed its hood. Clearly the jury could have concluded that the appellants exercised control over the vehi-

cle, and accordingly, the appellants could properly be convicted of unauthorized use of the vehicle *(see, People v McCaleb,* 25 NY2d 394). Moreover, by removing the hood of the vehicle from its mounting, the appellants could be found to have damaged the automobile sufficiently to be guilty of criminal mischief in the fourth degree. Upon the exercise of our factual review power we are satisfied the evidence established the appellants' guilt beyond a reasonable doubt and that the verdicts were not against the weight of the evidence *(see,* CPL 470.15).

We have considered the appellants' other contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.